| | |
|---|---|
| **DISTRICT COURT, ADAMS COUNTY, COLORADO** <br> 1100 Judicial Center Drive <br> Brighton, Colorado 80601 <br><br> Plaintiff: **JANICE MINJOCK** <br><br> v. <br><br> Defendant: **ROARING FORK RESTURANTS INC d/b/a CHEDDAR'S SCRATCH KITCHEN** | DATE FILED: August 23, 2019 12:26 PM <br> FILING ID: 6DC93223966B9 <br> CASE NUMBER: 2019CV31346 <br><br><br> ▲COURT USE ONLY▲ |
| **Attorney for Plaintiff:** <br> Nathan T. Mattison, Esq. #38627 <br> Robert R. Harper, Esq. #48454 <br> The Law Offices of Dianne Sawaya L.L.C. <br> 4500 Cherry Creek Drive South, Suite 1030 <br> Denver, CO 80246 <br> Phone Number: (303) 758-4777 <br> Fax Number: (303) 758-4779 <br> E-mail: nmattison@dlslawfirm.com <br>        rharper@dlslawfirm.com | Case Number: <br><br> Division: |
| **COMPLAINT** | |

**COMES NOW**, Plaintiff, Janice Minjock, through her counsel Nathan T. Mattison at The Law Offices of Dianne Sawaya, LLC, states and alleges the following for her *Complaint* against Defendant, Roaring Fork Restaurants Inc. d/b/a/ Cheddars Scratch Kitchen as follows:

### IDENTIFICATION OF PARTIES

1. At all times relevant herein, Plaintiff, Janice Minjock (hereinafter "Plaintiff"), was a citizen of the State of Colorado, County of Adams, City of Brighton, residing at 12118 Newport Drive, Brighton, Colorado 80602.

2. Upon information and belief, and at all times relevant herein, Defendant Roaring Fork Restaurants Inc. d/b/a/ Cheddars Scratch Kitchen (hereinafter "Defendant Roaring Fork") was the owner of the real property upon which Plaintiff was injured and was and is a Foreign Limited Liability Corporation in good standing with the State of Colorado, with its principal place of business located at 4412 Fairfax Ave, Dallas, Texas, 75205 that, at all times material hereto, owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the walkway and/or property, at the time of the

incident giving rise to this action upon which Plaintiff fell and suffered injuries.

3. Defendant Roaring Forks' registered agent is Doug Rodgers located the same address.

## VENUE AND JURISDICTION

4. The incident giving rise to this action occurred on September 2, 2017, on the real property that is commonly referred to as Cheddars Scratch Kitchen in Thornton, Colorado, located at 10250 Grant Street, Thornton, Colorado 80229.

5. Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

6. Venue is proper in the county of Adams, State of Colorado pursuant to C.R.C.P. 98 because the tort in question occurred in Adams County.

## GENERAL ALLEGATIONS

7. Plaintiff hereby incorporates by reference paragraphs above as if fully set forth herein.

8. The incident giving rise to this action occurred in the morning on September 2, 2017, at which time Plaintiff was an invitee lawfully on the Property owned, operated, managed, or otherwise concerning activities under the legal responsibility of Defendant.

9. At the time of the incident, it was approximately 7:15 p.m. and Plaintiff was walking and tripped due to an umbrella base.

10. On said date and time, Plaintiff was walking in an area which was owned, operated, managed, serviced, maintained, acted upon, or controlled by Defendant.

11. Plaintiff directly and proximately suffered and sustained injuries, damages, and losses.

12. Plaintiff is the proper party to bring this claim.

13. Defendant had a duty to keep the premises free from dangerous conditions, including the umbrella base, which should have been removed as it posed a tripping hazard.

14. Defendant, through reasonable inspection and monitoring, knew or should have known that an umbrella base in a walkway could cause its invitees to fall and sustain injuries.

15. Defendant knew or should have known that the umbrella base both existed and created a dangerous condition.

16. Defendant negligently and without due regard for the safety of others, allowed a known dangerous condition to exist and created a hazard to Plaintiff and others.

17. Defendants failed to place adequate warning or caution signs, warning or notification device

in the area to protect lawful invitees from tripping over the umbrella base.

18. At all times relevant herein, the Defendant was responsible for maintaining the premises, including but not limited to the common areas, in a reasonably safe condition so that invitees, employees, customers, and visitors to the Property therein would not be injured due to, among other things, an umbrella base in a walkway, existing on the premises.

19. At all times relevant herein, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

20. At all times relevant herein, Plaintiff mitigated her damages.

21. As a result of the September 2, 2017 trip and fall, Plaintiff sustained severe and permanent injuries, damages, and losses, including but not limited to a hematoma of the left and right knee, broken finger, and sprained right ankle.

22. As a result of the incident giving rise to this action, Plaintiff incurred reasonable and necessary past and future medical expenses and other economic expenses and damages.

23. As a result of the September 2, 2017 trip and fall, Plaintiff has incurred economic damages including past and future medical expenses including, but not limited to, emergency care, hospital care, physician charges, surgical care, diagnostic testing and imaging, physical therapy and other therapeutic needs to treat the injuries he sustained, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages.

24. As a result of the September 2, 2017 trip and fall, Plaintiff suffered mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

### FIRST CLAIM FOR RELIEF
### (C.R.S. §13-21-115 AGAINST ROARING FORK RESTURANTS INC d/b/a CHEDDAR'S SCRATCH KITCHEN)

25. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

26. Plaintiff was an invitee of Defendant as that term is contemplated by C.R.S. §13-21-115.

27. At the time and place of the incident indicated above, Plaintiff was an invitee of the Defendant, which on information and belief had common-law and contractual duties to Plaintiff to allow Plaintiff to enter and remain on a safe and non-hazardous premises.

28. It was Defendants' express representation that Plaintiff was intended to enter or remain on such premises.

3

29. At the time and place of the incident indicated above, Defendant was a statutory or actual "landowner" within the meaning of C.R.S. §13-21-115 and was legally responsible for the condition of the premises where Plaintiff fell.

30. At the time and place of the incident indicated above, Defendant, as statutory or actual "landowners" was legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property, within the meaning of C.R.S. §13-21-115 and Plaintiff was an "invitee" of Defendant as she was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. §13-21-115.

31. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries, damages, and losses as described above, is liable for its actions, omissions, and inactions and for those of any maintenance company, cleaning company, snow removal company, known or unknown, partner, contractor, subcontractor, agent, servant, successor, predecessor, heir, assign or volunteer.

32. Defendant is liable to Plaintiff as an invitee, for damages and injuries sustained by the Plaintiff which was caused by the Defendant and any partner, agent, servant, contractor, subcontractor, maintenance company, cleaning company, snow removal company, or volunteer for the unreasonable failure to exercise reasonable care to protect against the dangers of which were known or should have been known pursuant to C.R.S. §12-21-115(3)(c).

33. Defendant had a duty to Plaintiff to use reasonable care to protect Plaintiff against dangers which the Defendants knew or should have known existed at the time Plaintiff was injured.

34. Defendant either knew or should have known of the dangers created by the umbrella base in the walkway of the patio.

35. Upon information and belief, Defendant was given direct or actual notice multiple times by other residents of the community, regarding their improper maintenance and clearing of the umbrella base in the walkway of the patio.

36. Despite this notice, Defendant failed to adequately clean, maintain, service, and keep safe its walkways, specifically by not removing the umbrella base from the walkway of the patio.

37. Defendant should have taken reasonable measures, such as inspecting and maintaining its premises, placing adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, or clearing, removing the umbrella base.

38. Defendant was negligent when the Defendant, it's employees, and/or agents failed to use reasonable care to prevent the injuries, damages, and losses to Plaintiff.

4

39. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

40. Defendant's unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known directly and proximately caused Plaintiff's injuries, damages, and losses.

41. The conduct of Defendant and its agents, officers, and employees was an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. §13-21-115. As a direct and proximate result of Defendants' negligence and careless conduct, Plaintiff incurred injuries, damages, and losses.

42. The employees and/or agents of the Defendant were acting in the course and scope of their employment and/or agency with Defendant.

43. As a direct and proximate result of Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, physician, hospital, diagnostic testing and imaging, physical therapy, orthopedic, surgical intervention, prescription medications, and other expenses.

44. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which it knew or should have known directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

45. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

## SECOND CLAIM FOR RELIEF
### (NEGLIGENCE AGAINST C.R.S. §13-21-115 AGAINST ROARING FORK RESTURANTS INC d/b/a CHEDDAR'S SCRATCH KITCHEN)

46. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

47. In the alternative to Plaintiff's claim under C.R.S. §13-21-115, above, Plaintiff brings suit under negligence.

48. At all times relevant hereto, Defendant owned, operated, maintained, controlled, serviced, cleaned, managed or otherwise acted upon/conducted activities upon the aforementioned premises.

49. To the extent that Defendant is not a landowner, the failure to correct a dangerous condition, such as by not removing an umbrella base from a walkway, still imposes liability as they acted unreasonably and were negligent in that process, as seen from the below allegations.

50. Defendant owed a duty to Plaintiff and breached that duty by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to inspect and maintain the premises, failing to remove, failing to place adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, securing and/or warning patrons about the umbrella base so as to prevent invitees/persons from tripping and falling and injuring themselves in the area, in a reasonably prudent manner so as to avoid causing harm or injury to Plaintiff.

51. As a direct and proximate result of Defendant's negligence and careless conduct, and failure to exercise reasonable care, Plaintiff incurred injuries, damages, and losses.

52. As a direct and proximate result of Defendant's failure to exercise reasonable care, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, physician, hospital, diagnostic imaging and testing, physical therapy, surgical intervention, orthopedic care, prescription medications, and other expenses.

53. Defendant's failure to exercise reasonable care directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to her lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

54. Accordingly, Plaintiff seeks general and special damages from Defendant as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

**WHEREFORE**, the Plaintiff prays for judgment against Defendant as set forth below:

Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendant in an amount to fairly compensate his for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise

permitted under Colorado law and for such other and further relief as the Court deems just and proper and/or Plaintiff prays for the following relief including and without limitation:

i) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.

ii) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.

iii) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.

iv) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.

v) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life and emotional distress.

vi) For interest as provided by Statute from the date of the incident which forms the basis of the *Complaint* to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Dated: August 23, 2019                    Respectfully Submitted,

**Law Offices of Dianne Sawaya, LLC**

By: *s/ Robert R. Harper*
Nathan T. Mattison, Esq. #38627
Robert R. Harper, Esq. #48454
*Attorneys for Plaintiff*